**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SALAZAR COCINA, LLC | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. _____ |
| v. | : | |
| | : | |
| BENCHMARK INSURANCE COMPANY | : | |
| | : | |
| Defendant. | : | |

## NOTICE OF REMOVAL

Pursuant to Sections 1332, 1441, and 1446 of Title 28 of the United States Code,

Defendant, Benchmark Insurance Company ("Benchmark"), by and through its attorneys,

Butler Weihmuller Katz Craig LLP and Mound Cotton Wollan & Greengrass LLP, hereby

gives notice of the removal of this action from the Court of Common Pleas of Berks

County, Pennsylvania to the United States District Court for the Eastern District of

Pennsylvania, and as grounds for removal states as follows:

1.      On or about January 21, 2026, Plaintiff Salazar Cocina, LLC ("Plaintiff"),

instituted suit by filing a Praecipe for Writ of Summons against Benchmark in the

Pennsylvania Court of Common Pleas, Berks County assigned as Docket No. 26-00690.

A copy of the Praecipe for Writ of Summons is attached hereto as Exhibit A, as required

by 28 U.S.C. § 1446(a).

2.      Thereafter, on April 8, 2026, Plaintiff subsequently filed a Complaint against

Benchmark attached hereto as Exhibit B.

3.      Plaintiff's Complaint seeks damages for breach of contract in excess of

$50,000.00. *See id.* Count I *ad damnum* clause*.*

4. The Complaint also seeks bad faith damages under 42 Pa.C.S.A. § 8371 against Benchmark in excess of $50,000.00, including punitive damages, counsel fees and costs, and interest. *See id.* Count II *ad damnum* clause.

5. Attorney's fees, costs, interest, and punitive damages are included in the amount in controversy for the purpose of establishing diversity jurisdiction if they are available to successful plaintiffs under a statutory cause of action. *See e.g., Henderson v. Nationwide Mut. Ins. Co.*, 169 F. Supp. 2d 365, 368-69 (E.D. Pa. 2001).

6. Accordingly, the total amount of damages Plaintiff seeks to recover from Benchmark is in excess of $75,000, exclusive of interest and costs.

7. The basis for federal court jurisdiction is 28 U.S.C. § 1332, diversity of citizenship, which provides, in relevant part, that federal district courts have original jurisdiction of civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. "[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The Eastern District of Pennsylvania is the district that embraces Berks County.

9. Section 1446(b) provides as follows:

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

2

10.     This Notice of Removal is timely in that it was filed within thirty (30) days from the point at which Benchmark had notice that the action was removable, and less than a year after the commencement of the state court action.  28 U.S.C. § 1446(b).

11.     Plaintiff is a Pennsylvania limited liability company with its principal place of business at 440 Lehigh Street, Reading, PA 19601.  *See* Exhibit B ¶ 1.

12.     Upon information and belief, and after conducting reasonable inquiry and research, all of Plaintiff's members are citizens of the Commonwealth of Pennsylvania. Accordingly, Plaintiff is therefore also a citizen of the Commonwealth of Pennsylvania.

13.     Benchmark is a company organized under the laws of the State of Kansas, and for federal court jurisdiction/diversity of citizenship purposes, its principal place of business is located in Wayzata, Minnesota.  Benchmark is therefore a citizen of the states of Kansas and Minnesota.

14.     A copy of this Notice of Removal is being filed with the Prothonotary of the Court of Common Pleas of Berks County, Pennsylvania, and is being served on counsel of record, in compliance with 28 U.S.C. § 1446(a), (d).  *See* Notice of Filing of Removal attached hereto as Exhibit C.

15.     Pursuant to 28 U.S.C. § 1446(a), copies "of all process, pleadings, and orders" received by Benchmark are attached hereto.  Benchmark has not yet answered or otherwise responded to the Complaint.

16.     Removal of Plaintiff's case to the United States District Court for the Eastern District of Pennsylvania is required under the circumstances of this case because all parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

WHEREFORE, Defendant, Benchmark Insurance Company, respectfully removes this action to the United States District Court for the Eastern District of Pennsylvania for further proceedings pursuant to this Notice.

Dated:  <u>May 8, 2026</u>                    Respectfully submitted,

By: <u>/s/Richard D. Gable, Jr.            </u>
      Richard D. Gable, Jr., Esq.
      PA Attorney ID No. 65842
      Dominick Cintron-King, Esq.
      PA Attorney ID No. 336059
      Butler Weihmuller Katz Craig LLP
      1818 Market Street, Suite 2740
      Philadelphia, PA 19103
      Phone:  215-405-9191
      rgable@butler.legal
      dcintronking@butler.legal

      Jason M. Chodos, Esq.
      Mound Cotton Wollan & Greengrass LLP
      110 East Broward Boulevard, Suite 610
      Fort Lauderdale, FL 33301
      Phone: (754) 799-2605
      jchodos@moundcotton.com
      *Pro Hac Vice Application Forthcoming*

      *Attorneys for Defendant, Benchmark Insurance Company*

## CERTIFICATE OF SERVICE

I, Richard D. Gable, Jr., hereby certify that, on this 8th day of May, 2026, a true and correct copy of the foregoing Notice of Removal has been served via the Court's Electronic Filing System on the following counsel of record:

Joseph A. Zenstein, Esq.
Zenstein Kovalsky, LLC
1240 Old York Road, Suite 101
Warminster, PA 18974
*Attorneys for Plaintiff*

s/Richard D. Gable, Jr.
RICHARD D. GABLE, JR., ESQ.